10-4977-ag
Zhang v. Holder

BIA
Abrams, IJ
A089 022 957

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand twelve.

PRESENT:
        RALPH K. WINTER,
        ROBERT A. KATZMANN,
        DEBRA ANN LIVINGSTON,
           *Circuit Judges.*

_____

ZHENWEN ZHANG
        *Petitioner,*

        v.                    10-4977-ag
                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Xin Miao, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Jennifer Paisner Williams, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Zhenwen Zhang ("Zhang"), a native and citizen of the People's Republic of China, seeks review of a November 23, 2010, order of the BIA, affirming the December 11, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams, which pretermitted as untimely her application for asylum, and denied withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhenwen Zhang*, No. A089 022 957 (B.I.A. Nov. 23, 2010), *aff'g* No. A089 022 957 (Immig. Ct. N.Y. City Dec. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.  Asylum

In pretermitting Zhang's asylum application as untimely, the agency found that she failed to present clear and convincing evidence that the application was filed within one year of her arrival in the United States.  *See* 8 U.S.C. § 1158(a)(2)(B).  Zhang's challenges to the agency's finding, though formulated in terms of a challenge to the IJ's application of an improper standard, "essentially dispute[] the correctness of [the] IJ's fact-finding or the wisdom of his exercise of discretion and raise[] neither a constitutional claim nor a question of law."  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).  Because we lack jurisdiction to review Zhang's challenges to the IJ's fact-finding, we dismiss her petition for review as to asylum.  *See id*.

## II. Withholding of Removal

For applications, such as this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's

3

claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Zhang not credible, the agency reasonably relied on the IJ's finding that she lied about when she initially obtained the document entitled "Yanji City Public Security Bureau The Notice for Prisoner's Family Member," (hereinafter "Notice"). *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). During her hearing, Zhang testified that she had never seen the Notice before her sister found it in October 2008 and sent it to her from China. As the agency noted, however, this statement was untrue, as Zhang had submitted the Notice together with her original asylum application in September 2007. Contrary to Zhang's argument that she was not given an opportunity to explain herself, the IJ asked her for an explanation, to which she replied "I don't know." Zhang further argues that the agency erred in relying on this inconsistency to find her not credible because the date of her receipt was a "collateral issue." Under the REAL ID Act, however, the IJ was entitled to rely on "any inaccuracies or falsehoods" in

4

Zhang's testimony "without regard to whether [the] inconsistency, inaccuracy, or falsehood [went] to the heart of [her] claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Having found Zhang's testimony not credible, the agency reasonably noted that her failure to provide corroboration of her claim further undermined her credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam); *Maladho Djehe Diallo v. Gonzales*, 445 F.3d 624, 633-34 (2d Cir. 2006). The IJ noted that Zhang failed to provide corroboration of her account from her relatives in China or any documentation verifying the employment from which her claim arose. Although Zhang argues that it would have been dangerous for her relatives to send documents which could have been intercepted by the Chinese authorities, the IJ considered this explanation and did not err in finding it insufficient, particularly in light of the fact that her relatives had been able to send her other documents. *See Biao Yang*, 496 F.3d at 273; *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations unless those explanations would compel a reasonable factfinder to do so).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006) (per curiam). Finally, contrary to Zhang's argument, the agency did not err in failing to give independent consideration to her request for CAT relief, because her CAT claim was based on the same factual predicate as her request for asylum and withholding of removal. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk